Argued July 23, affirmed as modified August 11, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
FULWILER, *Respondent, and* FULWILER
(No. 74-0248), *Appellant.*

538 P2d 958

*Robert L. Ackerman,* Springfield, argued the cause for appellant. On the brief were Babcock, Ackerman & Hanlon and Tom Hanlon, Springfield.

*Paul D. Clayton,* Eugene, argued the cause for respondent. With him on the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Husband appeals from a marriage-dissolution decree, contending that the trial court erred in awarding wife permanent support and in restricting visitation by husband with the one child, a boy born November 18, 1970.

The parties have been married for 13 years and have been separated for about three years. Husband owns and operates an auto repair shop, which is debt free except for current operating expenses and with building and equipment is worth around $15,000. It was awarded to him. They own, and wife and child occupy, a residence which has an assessed value of about $23,000 but was appraised by husband's expert at about $41,000. It is subject to mortgages totaling about $18,500. An apartment in it rents for $130 per month. This was awarded to wife subject to the mortgages. Personal property not located and going with the real property was divided equitably. Husband was ordered to pay $150 per month child support, and $250 per month for wife's support for three years (through January 1, 1978) and thereafter $150 per month, subject to termination by remarriage after three years, or demise.

Wife worked during the early years of the marriage, and undoubtedly is capable of working now, although she has back trouble that would restrict her activity on some jobs. She is attending the University of Oregon, and wants to spend five years there to get a master's degree so she can teach art education. Husband vigorously questions, with substantial justification, whether this plan is realistic. Husband's net from his business before taxes in 1974 was slightly over $9,000.

■■ Where the parties are still relatively young, as they are here, and where their circumstances are modest, as they are here, we have interpreted the guidelines of ORS 107.105(1)(c) concerning support of parties after dissolution of the marriage in such a way as not to make the payment thereof permanent. Special circumstances may alter this interpretation but, generally speaking, where the circumstances are like those here, support for the wife should be such that it affords her time for readjustment and to prepare herself for gainful employment. Accordingly, we believe that the support ordered by the trial court should in all respects remain as ordered, except that it should terminate in five years—that is, until January 1, 1980. We are influenced in the decision as to time for termination of wife's support by wife's counsel's opening statement in trial court:

"* * * With regard to the support for her, quite candidly, Your Honor, we do not want to continue past the period of approximately five years. The reason for this is we feel that during that period of time she will become adequately educated and self-sufficient, which is her desire."

We do not find this statement specifically changed or repudiated in the balance of the record.

■ With reference to the visitation, a specific day for each week is set out in the decree as a minimum, ex-

cept that husband cannot take the child to or with the lady he lives with now unless or until they are married. .The court encouraged the parties to work out between themselves something better than a court can do. We cannot improve on this part of the decree.

Affirmed as modified. Costs to neither party.