Argued September 23, affirmed as modified November 1, 1976,
petition for review denied March 15, 1977

In the Matter of the Dissolution of the Marriage of
ANDERSON, *Appellant,*
*and*
ANDERSON, *Respondent.*
(No. D-8099, CA 6373)

555 P2d 816

*Glenn Walker,* Tigard, argued the cause and filed
the brief for appellant.

*Frank M. Ierulli,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

**FORT, J.**

The decree dissolving the 15-year marriage of the parties awarded to the wife the custody of the two children, ages 11 and 13, and required the husband to pay $135 per month per child as child support. The family residence was awarded to the wife, subject to two outstanding mortgages and a $5,000 lien[1] in favor of the husband. In this appeal, the wife seeks increased child support and full equity in the home, subject only to the mortgages.

Neither party's formal education extended beyond high school. The wife, age 33, was regularly employed as a salesclerk in a drugstore. In 1975 her salary was $7,490. The husband, age 35, was a salesman, earning $26,811 in 1975. Because of his work he had full use of a company car. He also had a vested interest in the company retirement plan worth $3,329 as of February 1, 1976. This was awarded to the husband. If he remains subject to the plan until retirement it will yield him nearly $1,000 a month at that time. It is not clear from the evidence whether any funds would become available to the husband if his employment with the company was either voluntarily or involuntarily terminated.

The trial court required the husband to pay $100 per month spousal support for three years, in addition to child support. Neither party challenges this award. Accordingly, we do not consider it. The family residence, the major marital asset, was valued at $34,600, but was subject to mortgages totaling $19,000, leaving the wife an equity of approximately $15,600. The monthly payments on it are $357. In addition to the home, the wife was awarded furniture worth $2,767, and an automobile worth $1,000. The husband was awarded, in addition to the lien, a pickup and camper

---

[1] From decree:

"* * * [T]he respondent shall have a lien on said real property in the sum of $5,000 payable without interest when the home is sold, when a male adult resides at the premises, when the petitioner [wife] remarries, or at the end of a six year period, whichever occurs first."

worth $4,281 and guns, tools and other furniture worth a total of $850.

■ We deal first with the wife's contention that the husband should pay greater child support. From our consideration of the record, we conclude that the amount set was appropriate.

Second, the wife contends that the court did not give sufficient consideration to the husband's retirement plan, and that, considering the plan along with the other circumstances, a more equitable division of the property requires that she be awarded the entire equity in the house.

■■ Each party's available retirement benefits may be a relevant issue, particularly in regard to the dissolution of a lengthy marriage. *Tann and Tann,* 12 Or App 441, 507 P2d 404 (1973). Here the parties were married almost 15 years. At the time of dissolution each party was young and potentially had 30 more years of employment ahead. However, in view of the wife's duty as custodian to provide a home for the children, the marked difference in earning power, and the husband's potential retirement income, we conclude that the $5,000 lien in favor of the husband against the house is not warranted.

Affirmed as modified. No costs to either party.