Argued September 23, affirmed as modified November 1, 1976

# In the Matter of the Dissolution of the Marriage of NAKAYAMA, *Appellant,* and NAKAYAMA, *Respondent.*
## (No. 416-777, CA 5916)

555 P2d 800

*Kevin O'Connell,* Portland, argued the cause for appellant. With him on the brief were O'Connell, Goyak & Haugh, P.C., Portland.

*Tyler Marshall,* Portland, argued the cause for respondent. With him on the brief were Bouneff, Muller & Marshall, Portland.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

**FORT, J.**

The wife appeals from a marriage dissolution decree, contending that the trial court erred in its division of the parties' property and in ordering that spousal support be terminated in six months.

The parties were married in 1966. At the time of dissolution, the wife was 33 and the husband was 32. Both were in good health. The decree awarded custody of their three children, ages 3, 5 and 7, to the wife and ordered the husband to pay $125 per month support for each child. The decree also required the husband to pay $150 per month spousal support for six months. During the marriage the parties acquired three rental properties, a home, and a grocery store. The value of the property interests awarded to the wife, which included equity in the home, was approximately $23,800, and that awarded to the husband, which included the store, was approximately $25,000. However, the husband was required to assume heavy liabilities on portions of the real property and the store.

The husband drew an income from the store of $1,500 per month in 1974 and $1,300 per month in 1975. The wife had had two years of college education and limited work experience prior to marriage, but had not worked since, other than in the home and in the family store. She contends that she will be unable to work full-time until the children are older, and that she needs additional job training in order to obtain even part-time employment. She seeks a larger share of the parties' real property and to extend payment of spousal support for an additional 18 months.

We conclude from our examination of the record that the overall division of property was equitable. However, in light of the wife's need to obtain further job skills, and the age of the children, we conclude that the husband be required to pay the $150 per month spousal support for a total of two years from the date

of the decree. As we said in *Fulwiler and Fulwiler,* 22 Or App 311, 313, 538 P2d 958 (1975), ORS 107.105(1)(c) is generally to be interpreted in such a way that

> "[W]here the parties are still relatively young, * * * and where their circumstances are modest, * * * support for the wife should be such that it affords her time for readjustment and to prepare herself for gainful employment. * * *"

Affirmed as modified. No costs to either party.