JOSEPH, J.
Wife appeals from a decree of dissolution, challenging the property division, the amount of child support and the spousal support provisions of the decree. She also asserts that she should have been awarded attorneys’ fees. Husband cross-appeals from the imposition upon him of approximately $1,500 in debts incurred by wife after their separation.
Husband, age 35, and wife, age 33, were married 13% years and have two children. Wife was awarded custody of the children, ages 10 and 7 at the time of trial. Husband is a certified public accountant employed by a large retailer; he currently earns a gross salary of $30,000 per year (approximately $1,600 per month after taxes and other withholdings, including a $100 contribution to a profit-sharing savings plan). His salary has increased markedly over the last several years.[1] From 1968 until 1976 he had earned approximately $2,000 per year at a second job. Although he had often remarked to his wife that that was good pay for the amount of work involved, he quit his second job in 1976 because of what he explained as the increasing pressures and time demands of his principal job.
Wife has a high school diploma. She attended college one year and then quit to work full time while husband completed his final three years of college. In addition to going to school, however, husband also worked 30-35 hours per week during that period. In 1966 (the year the first child was bom) wife quit her job and did not return to work until 1976 or 1977, when she took her current secretarial position. She earns a net salary of $520 per month. The record tells us nothing further concerning her aptitude or the opportunities which may be available to her. Wife expressed no desire to seek additional education or training. Both parties are in good health.
*[998] The principal assets are: a house in which they have an equity of $11,740 to $19,300, depending upon which of the proffered valuations one accepts; two automobiles; furniture, books and other household furnishings and heirlooms; a profit-sharing savings plan with a balance of approximately $2,230; and $1,550 cash. The circuit court awarded the house to wife, subject to a $7,000 interest-free lien to be realized on wife’s death or remarriage, sale of the property or wife’s moving and in any event when the younger child reaches majority. Each party was awarded an automobile; the bulk of the home furnishings went to wife. Husband received $1,050 of the cash, wife $500. The circuit court ordered the profit-sharing account to be placed in trust for the children. The court imposed upon husband $1,500 in liabilities incurred by wife after the parties’ separation; it is not clear how much of that amount went for wife’s personal expenses and how much for the children. Although there were discrepancies in the valuations of the assets by the two parties, we conclude that the property division (including the imposition of the $1,500 in debts upon husband which is challenged by his cross-appeal), was "just and proper in all the circumstances.” ORS 107.105(l)(e).
The circuit court determined that neither party should be awarded attorneys’ fees. In making this determination, the court explained that it had taken attorneys’ fees into account when dividing up the property. Viewing the effect of a property division and the propriety of an allowance or refusal of attorneys’ fees as related, we agree with the circuit court. See Turner v. Turner, 237 Or 39, 40, 390 P2d 360, 361 (1964); Craig and Craig, 30 Or App 419, 423, 567 P2d 141, 143 (1977).
The circuit court ordered husband to pay child support of $200 per month per child until the children reach majority and $150 per month spousal support for four years. The decree also required husband to *[999] provide medical, dental, hospital and "visual” insurance for the children[2] and to have responsibility for all expenses in those four categories incurred for the children. It also required husband to maintain a $160,000 life insurance policy with the children as irrevocable beneficiaries and to pay $100 per month into the profit-sharing savings plan held in trust for the education of the children. In light of these obligations, husband’s income and the income potential of wife, $200 per month per child is appropriate as child support.
Wife requests $400 spousal support per month for nine years. In support of this request she points to a memorandum submitted to the trial court in which she estimated the average monthly expenses for her and the children. We do not find the estimate particularly helpful, primarily because it is not realistic. As is usually true, both husband and wife will have to adjust to a standard of living at least somewhat lower than they enjoyed while married.
Nonetheless, wife is entitled to spousal support in an amount which more nearly accords with her needs than the trial court awarded her. Although it may otherwise have been a close question whether support should be of permanent duration, we need not reach that question. Wife has limited her request for spousal support to a period of nine years and we respect that limitation. See Fulwiler and Fulwiler, 22 Or App 311, 313, 538 P2d 958, 959-60 (1975).
As noted, the record tells us little about wife’s aptitude, her occupational plans or the opportunities which may be available to her. Under the circumstances, and considering especially her age and income, the ages of the children, the child support award, the duration of the marriage, husband’s earning capacity, and that wife has foregone educational *[1000] and occupational development for the benefit of husband and the children, $300 a month spousal support for nine years is a just and equitable award. ORS 107.105(l)(c); see Grove and Grove, 280 Or 341, 571 P2d 477 (1977). Although she has no specific plans, the knowledge that she will be on her own after nine years should provide wife with adequate incentives to upgrade her occupational skills.
Affirmed as modified. Costs to appellant.

His salary increased from $23,000 in October, 1975, to $30,000 as of January 1, 1977.

This insurance coverage is provided through husband’s employer and will not decrease his net salary of $1,600 per month.