Argued May 18, affirmed as modified July 18, 1978

In the Matter of the Marriage of
BUTTENHOFF, *Respondent,*
*and*
BUTTENHOFF, *Appellant.*
(No. 49724, CA 9910)
581 P2d 111

Robert G. Ringo, Corvallis, argued the cause for appellant. With him on the brief was Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Richard K. Kingsley, Lebanon, argued the cause for respondent. With him on the brief was Morley, Thomas & Kingsley, Lebanon.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

**THORNTON, J.**

Wife appeals from a decree of dissolution dividing the parties' property and providing spousal and child support to wife. On appeal wife contends that the property division was inequitable and that greater spousal support should be awarded.

The parties were married for 19 years, and at the time of the dissolution wife was 36 years of age and husband was 37 years old. Two children were born of the marriage; one is emancipated and the other is 14 years of age and in the custody of the wife. Wife was awarded permanent spousal support of $300 per month and child support of $125 per month until the child is 18.

The husband has a net monthly income of approximately $1,150 from his job as a shift supervisor for a lumber mill. He is entitled through his work to fringe benefits, including life insurance, medical insurance, salary continuation coverage and retirement benefits. Husband expects to receive raises and promotions on a regular basis.

Wife has not worked outside the home during the marriage and has limited reading, spelling and mathematic skills. She is also suffering from organic brain damage, which causes minor impairment of the use of her left arm and hand. Dr. Ackerman, a clinical psychologist, testified that she is also suffering from extreme emotional distress, most of which is associated with the problems of her left arm. He also testified that wife was probably not employable.[1] The monthly living expenses for her and her son are $830.

The trial court concluded that the extent of wife's disability did not preclude her from finding employment, although the court recognized she would have to undergo vocational training. The court divided the

---

[1] Husband and other witnesses who knew and had observed wife, stated that they had never noticed any problem with her physical movements or ability to function as a normal human being.

property with the wife receiving approximately 54 percent of the assets and the husband receiving approximately 46 percent.

Wife contends that the division of property and the award of spousal support were inequitable in light of her physical and mental condition as it affects her capacity to work.

■ In dividing property and providing support, courts attempt to insure that the parties separate on as equal a basis as possible, acknowledging that the parties cannot separately maintain the same high standard of living they enjoyed together. *Lake and Lake,* 22 Or App 195, 197, 538 P2d 97 (1975). Where one party has a substantially lower earning capacity, we have upheld the division of the property of a marriage that favors the party with the lesser ability to generate income. *See, Laird and Laird,* 27 Or App 161, 555 P2d 814 (1976), *rev den* (1977).

As far as the property division is concerned, the main point of dispute is the granting to the husband of an $11,279 lien on the parties' home, which is payable in 1981 (when the child will be emancipated).

At the time of dissolution, the equity in the home amounted to $16,656, which will increase between now and 1981. Wife argues that since she is unemployable she will have to sell the house and survive on the profit from the sale and the monthly support which will be inadequate to meet her expenses. Therefore, she argues, there is a likelihood that she will become a ward of the state.

■ The question of whether the wife had any capacity to earn income was answered in the affirmative by the trial court which had the witnesses before it and was able to evaluate their credibility. Normally we give great weight to the trial court's judgment as to credibility. We do so in this case. *See, McCoy and McCoy,* 28 Or App 919, 29 Or App 287, 562 P2d 207, 563 P2d 738 (1977). We note, however, that it is very

likely that wife, with her limited skills, will find only low-paying employment that will provide a standard of living substantially disproportionate to that which she enjoyed during the marriage. Given this fact and the length of the marriage, we agree with the trial court that permanent support is appropriate.[2] *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). Further, based upon the wife's expected expenses, and the husband's income, we conclude that an increase in permanent spousal support of $100 per month is appropriate. No reapportionment of the parties' assets is necessary and that portion of the trial court's decree will remain unchanged.

Affirmed as modified. No costs to either party.

---

[2]Moreover, wife will not be entitled to any of husband's social security benefits because the dissolution occurred one year prior to the time that her interest in the benefits would have vested.