Argued April 20, affirmed as modified
June 11, reconsideration denied July 24,
petition for review denied July 31, 1979

In the Matter of the Marriage of
KELLEY, *Appellant,*
and
KELLEY, *Respondent.*
(No. D 7802-02294, CA 12375)
595 P2d 1294

C. Clark Leone, Portland, argued the cause for the appellant. With him on the brief was McLaughlin, Gunnar & Woods, Portland.

Herbert A. Trubo, Portland, argued the cause for the respondent. With him on the brief was Kristena A. LaMar, Portland.

Before Schwab, Chief Judge, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

In this proceeding for a dissolution of a marriage, the wife appeals from the trial court's division of the marital assets. We modify the trial court's decree.

Husband, 38, and wife, 33, had been married for ten and one-half years. They have one daughter, age six. Husband is a certified public accountant. He has been a sole practitioner since 1975. His income has increased at a steady pace until it reached $34,289 for the first six months of 1978.[1]

Wife was enrolled in Portland State University to study for a degree in accounting. Prior to the parties' separation, she worked in her husband's business for a period of 27 months as a secretary and bookkeeper.

The parties' chief assets are the husband's CPA business and their residence. It was stipulated that their equity in the residence was $56,500. The trial court awarded wife the residence subject to a lien in favor of husband in the amount of $28,000. Husband was awarded "All assets, liabilities and equity of respondent's [husband's] sole accounting practice."[2] Wife was awarded custody of the daughter. Husband was required to pay child support in the amount of $400 per month. Wife received $600 per month as spousal support for two years plus tuition and fees so long as she "is a full time student seeking her bachelor's degree."

Wife claims the trial court erred (1) in refusing to assign a value to husband's CPA practice, and (2) in awarding husband a lien in the amount of $28,000 against the family home.

---

[1] Husband predicted that his adjusted gross income for 1978 would be $49,650.

[2] The trial court also awarded husband various personal property worth approximately $7,000. Wife also received household furnishings, savings accounts and mutual funds in the approximate amount of $18,000.

[607]

We are asked by wife to assign a monetary amount to the goodwill of husband's business. *See Goger and Goger*, 27 Or App 729, 557 P2d 46 (1976).

At the conclusion of the testimony, the trial court in an oral decision stated:

"Obviously, the CPA business has value but I don't know what it was. It was pure guesswork on my part."

We agree with the trial court that the testimony as to the goodwill of husband's business would require the finder of fact to speculate. Nevertheless, the determinable assets of husband's CPA business do have an established value. That business, as of June 30, 1978, held:

| | |
|---|---|
| $31,357 | checking and savings account[3] |
| 15,706 | accounts receivable |
| 1,800 | notes receivable |
| 5,000 | furniture and fixtures |
| 53,863 | |
| 6,766 | liabilities |
| $47,097 | |

One-half of the assets of the CPA business in the amount of $23,548.50 comes close to counter-balancing the one-half of the equity in the family home in the amount of $28,000.

Even if the wife receives her accounting degree on schedule, her beginning salary will be in the approximate amount of $750 per month. We note the marked difference in earning power. *Anderson and Anderson*, 27 Or App 193, 555 P2d 816 (1976), *rev den* (1977).

---

[3] Husband testified that the cash items were in the form of reserve accounts on which no income taxes had been paid. One of the problems with this case is that all of the exhibits as to financial data are dated June 30, 1978. The case was tried on September 13 and 19, 1978. The exhibits were not brought up to date. Husband testified, for example, that the cash items had been reduced.

We delete the husband's lien against the residence in the amount of $28,000. In all other respects, we affirm the trial court's decree.

Affirmed as modified. No costs to either party.