Argued and submitted November 19,
affirmed as modified December 22, 1980

In the Matter of the Marriage of

CORDER,
*Respondent,*
*and*
CORDER,
*Appellant.*

(No. CC80-106, CA 18414)

620 P2d 980

Philip L. Nelson, Astoria, argued the cause for appellant. With him on the brief was Miller & Nelson, Astoria.

Jeanyse R. Snow, Astoria, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Husband appeals from a decree of dissolution, contending that the property division was inequitable. Husband is 63 and permanently disabled. He receives Social Security benefits and pension benefits of $562 per month. Wife is 58, in good health and earns between $4,000 and $5,000 annually as a cannery worker. Wife did not seek spousal support.

The parties were married in 1965, it being wife's second marriage and husband's third. Wife brought to the marriage the home in which the parties resided during their 15-year marriage. In 1965 the home had a value of between $20,000 and $25,000 with a balance of $5,000 owing. Husband entered the marriage with a piece of property in which he had an equity of $1,000. During the marriage the parties managed their financial affairs somewhat independently of one another but husband made permanent improvements to wife's residence and paid the mortgage. At the time of trial, wife's home was unencumbered by the mortgage and had an equity of $50,000.

The trial court awarded the family home to wife, and awarded to husband a land sales contract with a balance of $18,500 which produced $150 a month income. It divided the bank accounts of the parties equally and distributed between the parties their vehicles and cattle. It decreed that rental property owned by the parties, consisting of a house and pastureland having a value of approximately $33,750, be sold and the net proceeds divided, with husband receiving 55 percent and wife 45 percent. The parties agreed that the distribution allotted to husband was approximately $28,000 less than that awarded to wife. Of the about $102,000 in assets wife was awarded approximately 64 percent and husband 36 percent.

In *Glatt and Glatt,* 41 Or App 615, 598 P2d 1237 (1979), this court stated:

> "In dissolution cases involving marriages of long duration, the courts have consistently been less concerned with identifying the relative contributions of the parties than they have been with ensuring that the parties separate on as equal a basis as possible, under the circumstances. *Buttenhoff and Buttenhoff,* 35 Or App 287, 290, 581 P2d

111 (1978); *Lake and Lake,* 22 Or App 195, 197, 538 P2d 97 (1975). This is particularly appropriate where, as here, both parties worked throughout the marriage and made significant financial contributions to the accumulation of assets. We generally grant one party a 'long half' only if there are circumstances such as poor health or significantly lower earning capacity which make such a distribution appropriate." 41 Or App at 622.

The trial court in its letter opinion explained the disparity in this case:

"The obvious monetary disparity in favor of the petitioner is appropriate in my view since $20,000 equity in the home property was brought by her into the marriage and since respondent's demonstrated earnings capacity is much greater than petitioner's."

■ ■ The source of the parties' assets is a factor, among others, including a disparity in income or earning capacity, to be weighed in determining the appropriate distribution of marital assets. Here, during this 15-year marriage, husband's efforts and resources contributed significantly to the appreciation in the value of the parties' principal asset, the family home. The home was purchased for $10,500 and at the time of the marriage had a mortgage of approximately $5,000, which husband paid from his earnings. In addition, he made or paid for substantial permanent improvements which enhanced the parties' equity in the family home. In view of these facts, and the fact that wife has been awarded the family home on which there are no monthly payments and the fact that husband is in ill health and will presumably be required to acquire a place to live, we conclude that the disparity in the award was excessive.

The trial court ordered that the rental property and adjacent pastureland of the parties be sold and the net proceeds divided 55 percent to husband and 45 percent to wife. We modify that portion of the decree to award husband 80 percent of the net proceeds and 20 percent to wife. While this modification will not equalize the distribution, we believe it is more consistent with the general policy of attempting to separate the parties to a long-term marriage on as equal a basis as possible. The disparity which remains is justified by the factors relied upon by the trial court.

Affirmed as modified. No costs to either party.