Argued and submitted October 15,
affirmed as modified December 29, 1980

In the Matter of the Marriage of

GIFFORD,
*Appellant - Cross-Respondent,*
*and*
GIFFORD,
*Respondent - Cross-Appellant.*

(No. 79-4-153, CA 16675)

621 P2d 99

C. Brian Scott, Oregon City, argued the cause for appellant - cross-respondent. With him on the brief was Schumaker & Bernstein, Oregon City.

Michael C. Haines, Oregon City, argued the cause for respondent - cross-appellant. With him on the brief was Thom & Haines, Oregon City.

Before Schwab, Chief Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

In this dissolution case, husband contends that the trial court's division of the parties' property was inequitable, that the award to wife of $750 per month permanent spousal support was unwarranted, and that the judgment given in favor of wife's attorney for fees was improper. Wife cross-appeals, requesting an increase in her award.

■ The parties were married for twenty-nine years. Husband is 49 years old and wife is 46. Husband enjoys good health and is employed as a shift supervisor, with a gross salary of $3,100 per month. Wife, on the other hand, lacks a high school degree, has virtually no work experience or salable skills, and suffers from high blood pressure and back trouble. Although the trial court awarded wife the "long side" of the parties' assets, we find that the disparity is appropriate in this case. As we stated in *Glatt and Glatt,* 41 Or App 615, 622, 598 P2d 1237 (1979):

> "In dissolution cases involving marriages of long duration, the courts have consistently been less concerned with identifying the relative contributions of the parties than they have been with ensuring that the parties separate on as equal a basis as possible, under the circumstances. * * * We generally grant one part a 'long half' only if there are circumstances such as poor health or significantly lower earning capacity which make such a distribution appropriate. *Buttenhoff and Buttenhoff,* 35 Or App 287, 290, 581 P2d 111 (1978); *Laird and Laird,* 27 Or App 161, 555 P2d 814 (1976) *rev denied* (1977)."

■ Considering the duration of the marriage, wife's age, education and earning capacity, and the standard of living she enjoyed during the marriage, we conclude that the trial court did not err in awarding $750 per month permanent spousal support. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974).

In the decree of dissolution the trial court ordered the husband:

> " * * * to pay the sum of $1,000.00 on account of respondent's attorney's fees accrued herein, and the respondent's attorney, MICHAEL C. HAINES, is hereby given judgment against ROBERT P. GIFFORD in that amount."

■ We find that it was error to award a judgment in favor of wife's attorney, a nonparty, against husband for wife's attorney fees. Moreover, there is no basis in the record of this case on which the court could properly make any award of attorney fees. The only evidence in the record concerning attorney fees is a stipulation by the parties that if a certain expert witness were called by wife, he would testify that $50 per hour was a reasonable charge. The record is devoid of any evidence regarding the number of hours spent by the attorney or the reasonableness or the necessity of the time expended. Although wife's attorney did submit an affidavit to the court as part of his trial memorandum concerning the time he expended on the case, this affidavit was never offered, nor received, into evidence. Therefore, the award of attorney fees must be stricken from the decree. *Underwood and Underwood,* 38 Or App 213, 216-17, 589 P2d 1172 (1979); *Fery and Fery,* 20 Or App 581, 585-86, 532 P2d 1131 (1975).

Affirmed as modified. Costs to neither party.