Argued and submitted December 15, 1980,
affirmed as modified February 17, 1981

In the Matter of the Marriage of

STEPHENS-TILEY,
*Appellant,*
*and*
STEPHENS-TILEY,
*Respondent.*

(No. 34778, CA 18570)

623 P2d 1105

Richard D. Gatti, Salem, argued the cause for appellant. With him on the brief was Gatti & Gatti, P. C., Salem.

John W. Stortz, Salem, argued the cause for respondent. On the brief were J. William Stortz, and Stortz, Barlow, Fox & Susee, Salem.

Before Gillette, Presiding Judge, and Roberts, Judge, and Campbell, Judge Pro Tempore.

GILLETTE, P. J.

Campbell, Judge Pro Tempore, dissenting.

## GILLETTE, P. J.

Husband appeals from a denial of his motion for the elimination or modification of spousal support due to a change of circumstances of the parties. We conclude that both the amount and duration of spousal support should be adjusted according to the parties' new circumstances and therefore modify the trial court's decree.

The parties were divorced in August, 1978, after a marriage of 19 years. Husband is a doctor specializing in orthopedics, and is the sole stockholder in a professional corporation through which he practices. Wife was not employed during the course of the marriage. Although husband has a substantial income, the parties did not acquire a large net estate during their marriage. The assets they did accumulate were divided approximately equally upon dissolution. Husband was ordered to pay spousal support of $1,200 per month for five years (until August, 1983), $700 per month for three years (until August, 1986), and $500 per month for two years, with his obligation ending in August, 1988. Additionally, he was ordered to pay $300 per month in child support for each of the parties' two children. This obligation lasts until the children reach age 21, if they attend school. (At the time of the dissolution, the parties' daughter had reached her eighteenth birthday and the court ordered that payments be made directly to her.)

Since the dissolution, both parties have remarried. Husband remarried in November, 1978, and his present wife is a surgical nurse whose gross income in 1979 was approximately $16,000. Wife was remarried in March, 1979. Her new husband is engaged in the sale of life insurance and earned approximately $24,500 in 1979. Wife's new husband is obligated to pay support of $1,265 a month to his former wife and their children. This obligation ends in 1985.

At the time of the dissolution, wife expressed interest in becoming a priest in the Episcopal Church. This would require completion of her Bachelor's degree, one year as a church deacon and three years study for the priesthood. She requested spousal support of $1,500 per month for six years or until employed and $750 a month thereafter. The decree, as described above, was entered with a view to assisting wife in reaching her goal.

After the dissolution, wife in fact enrolled in Portland State University as a junior pursuing a course of study in social work. However, she attended school for only two semesters, discontinuing her studies in March, 1979, because of a leg injury. Since that time she has not returned to school or sought employment. Although her leg injury was the immediate cause of the termination of her studies, wife indicated that she no longer wished to pursue a career in social work. She testified that she has no present intention of attending school and that her plans for the future are indefinite. On appeal, husband contends that wife's remarriage and decision to remain at home and be a homemaker rather than continuing her efforts to become employable constitutes a change of circumstances which justifies the modification or elimination of spousal support payments.[1]

■■ Modification of spousal support payments is proper "only when a substantial change of circumstances has occurred which would not have reasonably been expected at the time of the decree." *Hellweg v. Hellweg,* 30 Or App 995, 997, 568 P2d 710 (1977); *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967). In this case, wife has remarried and ceased her efforts to continue her schooling. While the remarriage by itself may or may not constitute a material change in circumstances in this case, *see Grove and Grove,* 280 Or 341, 571 P2d 477 (1977), *modified* 280 Or 769, 572 P2d 1320 (1977), we conclude that wife's remarriage, coupled with her decision not to pursue a career at this time, is a sufficient change in circumstances to justify a modification of the original decree.

■ A significant consideration in determining the propriety and duration of spousal support payments is whether the disadvantaged spouse is employable at a level not overly disproportionate from the standard enjoyed during marriage. *Grove and Grove, supra; Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). The length of the marriage is a factor

---

[1] In his motion for modification of the original decree, husband also claimed that his financial situation had changed. At trial it was established that, while the expenses of his profession have increased, these increases were not unanticipated at the time of the divorce and his net income level has not been substantially affected. In any event, husband abandoned this part of his claim on appeal.

"* * * because the longer the marriage the more likely it is that the wife has foregone employment experiences, the absence of which will make it more difficult to achieve employment and self-sufficiency." *Kitson and Kitson, supra,* 17 Or App at 655.

Therefore, the court is to consider, among other things, the need of the disadvantaged spouse for

"* * * maintenance, retraining or education to enable the spouse to become employable at suitable work or * * * pursue career objectives." ORS 107.105; *Grove and Grove, supra,* 280 Or at 346.

The goal of spousal support is thus two-fold, *i.e.,* to provide for the disadvantaged spouse while at the same time encouraging that spouse to achieve economic self-sufficiency, if possible, so that the support-dependency relationship may be ended. As we stated in *Hanlin v. Hanlin,* 42 Or App 165, 168, 600 P2d 454 (1979), *rev den* 288 Or 81 (1979):

"In deciding whether a decree should be modified to reduce or terminate spousal support the court should consider the goal of ending the support-dependency relationship within a reasonable time where it would be just and equitable to do so. *See Grove and Grove, supra." See Ward v. Ward,* 41 Or App 447, 599 P2d 1150, *rev den* 288 Or 141 (1979).

The trial court in this dissolution proceeding recognized that the wife would need time in which to realize her income potential. That she was capable of eventually becoming self-supporting was not questioned. With this in mind the court ordered spousal support payments of decreasing amounts to enable wife to pursue her stated objective of becoming independent. Since the decree of dissolution, wife has achieved this goal, although not in the manner anticipated. She has become independent by remarrying and choosing to devote her time to being a homemaker and performing services for her church. It is unfair to require husband to continue to make payments to wife which where designed, at least in part, to allow her to achieve self-sufficiency through schooling and a career.

We recognize that wife's new husband's earning capacity does not fully meet her needs; thus it would be improper to eliminate spousal support immediately and entirely. To do so would, in effect, "* * * leave a divorced

woman receiving support payments free to remarry only if her new husband is able to support her." *Grove and Grove, supra,* 280 Or at 355. Wife's new husband represented his monthly net income to be approximately $2,000 in 1979, and $2,200 to $2,400 in 1980. He pays $1,265 in support to his former wife and their children. This leaves him with $735 to $1,135 each month for his present family. Wife estimated their monthly expenses to be $3,178.38. This includes her husband's support obligations and does not include money for her to attend school. Wife receives $300 per month for the parties' son and gives him $100 directly.[2] She also receives $125 from the parties' daughter, who presently lives with wife and her new husband. Based on these figures, we find her unfulfilled need to be approximately $800 per month. Thus, we reduce spousal support payments from $1,200 to $800 per month until August, 1983. Thereupon, they will be decreased to $300[3] per month and will terminate altogether in August, 1985, when wife's present husband's obligation to make payments to his ex-wife and their children ends. His full monthly salary will then be available for use by him and wife.

Wife notes that, since her divorce from husband, her lifestyle has changed markedly. There is no question that her new husband makes considerably less than her former husband. This court has recognized that, in most cases, the same standard of living before dissolution usually cannot be maintained thereafter. *Miller and Miller,* 21 Or App 253, 257, 534 P2d 512 (1975); *Grove and Grove, supra,* 280 Or at 350. Further, we recently noted that, where the wife had achieved economic self-sufficiency through her career, she was not entitled to spousal support payments simply because her salary did not provide her with the same standard of living which husband's salary could have provided during the marriage. *Ward v. Ward, supra,* 41 Or App at 452. As we stated there:

---

[2] It is not clear what sum of money wife will be receiving for the parties' son. He had turned 18 years of age at the time of the hearing and plans to wait a year before attending school. Husband testified that he will continue to give the son the $300 per month. Whether this will now go directly to the son is not clear. If he continues to live with wife, we assume she will receive some of this money.

[3] The trial judge originally provided for a comparable reduction in support at this time on the assumption that the wife would have become gainfully employed. We see no justification in relieving her of that obligation.

"* * * her husband is not a life-long guarantor of a higher standard of living."

The decree of the trial court should be modified to provide for spousal support payments of $800 per month until August, 1983, and $300 per month thereafter, with husband's obligation ending in August, 1985.

Affirmed as modified. No costs to either party.

**CAMPBELL, Judge Pro Tempore,** dissenting.

I dissent. It is my opinion that, under the facts of this case, the remarriage of the wife is a change of circumstances which requires the elimination of spousal support.