Argued and submitted September 25, decree modified December 1, 1981

In the Matter of the Marriage of

FERRAN,
*Appellant,*
*and*
FERRAN,
*Respondent.*

(No. D8002-61178, CA A20705)

636 P2d 1013

Mark McCulloch, Portland, argued the cause for appellant. With him on the brief was Powers & McCulloch, Portland.

Sanford Kowitt, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Husband appeals from a dissolution of marriage decree entered after a 13 year marriage, by which, he claims, the court awarded wife 72 percent of the marital assets. Wife claims the award to be only about 65 percent of the assets. Husband also is required to pay a total of $550 per month in child support for two children, a monthly mortgage payment of approximately $550 on the residence that was awarded to wife and spousal support that begins at $400 per month, is reduced after four months to $300 per month and is further reduced after three months to $200, which then continues until 1987. Husband's net monthly salary at the time of trial was approximately $1630.[1] The trial court found that wife was capable of earning at least $700 per month. Wife argues the division of property is justified because of her substantially lower earning capacity, citing *Gifford and Gifford,* 49 Or App 1113, 621 P2d 99 (1980); *Corder and Corder,* 49 Or App 993, 620 P2d 980 (1980); *Glatt and Glatt,* 41 Or App 615, 598 P2d 1237 (1979); and *Buttenhoff and Buttenhoff,* 35 Or App 287, 581 P2d 111 (1978). Such a great disparity is not justified under the circumstances of this case.

■ The parties' marital assets totaled $230,000 to $260,000, depending upon the different valuations of the parties, and their liabilities totaled approximately $28,000. The assets are primarily real property or land sale contracts owned by the parties through a one-half interest in a business partnership. The court generally divided those assets equally between the parties.

Husband asks that the interest in the partnership be awarded to him. He values that at approximately $71,000, while wife values it at $115,000. We cannot determine from the record which, if either, is the correct valuation. We do not have to make a value determination, because the equal division of that asset was proper.[2]

[1] The record shows that husband has some other income, primarily $150 to $200 per month from one of the parties' investments. Wife also realizes an income, apparently in the same amount, from this investment.

[2] As a result of this asset the parties will equally share in an accelerated payment which is due in 1987.

■     The other major asset is the residence of the parties, which was awarded to wife. That property had two mortgages, one payable at $300 per month, which wife was to assume, and one payable at $550 per month, which husband was to pay for a period of time. Husband was ordered to pay a total of $10,000, which required payments for 18 months, after which he would have a lien on the property for that amount, to be paid when the house is sold. We conclude the award of the residence to wife and the amount of monthly payments required of husband are inequitable, and therefore we modify the decree.

Wife continues to live in the residence with the two children, ages six and ten. In awarding her the residence, which has an equity value of $54,000, it appears the court attempted to fashion a financial arrangement that would allow the wife to remain in the home for a few years. However, in order to provide husband an equitable share of the assets, we award him a one-half share in the residence. We also reduce husband's required monthly mortgage payment and eliminate his $10,000 lien. The parties will continue to be entangled because of their partnership interests until 1987; we see no reason, therefore, not to divide the residential property equally also. *See Whitcomb and Whitcomb,* 40 Or App 583, 595 P2d 846, *rev den* 286 Or 745 (1979). Each party is thus awarded a one-half interest in the residential property, to be held as tenants in common, and each is required to contribute an equal amount to the two monthly mortgage payments. The property is to be sold at such time as wife ceases to occupy it as her principal residence or when the youngest child reaches the age of 18, whichever is sooner; the equity remaining after all obligations and costs of sale are paid is to be divided equally between the parties.

■     Next, husband argues he does not have the money to pay the joint income tax liability the court ordered him to pay. We agree that the court's order places a strain on husband's monthly salary. The only cash readily available to the parties is in a brokerage account containing approximately $19,700. The court awarded the account to wife; however, wife was required to assume the obligation for approximately $9,000 of the parties' debts while husband

was required to assume approximately $19,000. We believe the account should be divided proportionately to the debts and accordingly award $13,000 from the cash account to husband for payment of these debts.

■  Finally, husband appeals the award of spousal support.[3] The award of higher spousal support for a few months appears to be for the purpose of providing wife income until she becomes employed. However, following the dissolution, husband petitioned the court for a stay of the monthly payments pending appeal. At that hearing it was stipulated by the attorneys that wife had become employed and was earning $750 to $800 per month. In view of that we modify the decree to award wife $200 per month spousal support from the date of the decree until March 1, 1987, when the accelerated payment on the land sale contract will be due to the partnership.

Decree modified. Husband's $10,000 lien on the residential property is deleted; husband and wife are each awarded one-half interest in the residence as tenants in common, each to pay one-half the mortgage obligation, and the parties are to share equally in the equity; husband is awarded $13,000 from the brokerage account; and wife is awarded the remainder; spousal support is to be $200 per month from the date of decree to and including March 1, 1987. No costs to either party.

---

[3] We affirm the award of child support.