Argued and submitted September 30, 1981, decree modified February 22, 1982

In the Matter of the Marriage of

GOEBEL,
*Appellant - Cross-Respondent,*

*and*

GOEBEL,
*Respondent - Cross-Appellant.*

(No. D8004-63018, CA A20429)

641 P2d 59

Ira L. Gottlieb, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Robert A. Bennett, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Willner, Bennett, Bobbitt & Hartman, Portland.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

Both parties appeal from the decree entered in this dissolution proceeding. Wife contends the property division is inequitable and the award of only temporary spousal support inappropriate. Husband contends that the amount of spousal support should be reduced and that the award of attorney fees to wife was error. We modify the decree and affirm as modified.

The parties were married for 26 years. Wife was 47 and husband 53 at the time of the decree. Two of their six children are still minors, and their custody was awarded to wife. Husband is a Certified Public Accountant and the sole shareholder of a professional corporation. Wife did not work outside the home after the first year of the marriage.

Husband receives a salary of about $60,000 per year from his accounting practice, as well as benefits such as the use of an automobile. He was ordered to pay $250 per month per child in child support, and $1,500 per month in spousal support for 10 years.

The parties acquired sizeable assets, primarily real property, during the marriage. The trial court divided the property, giving husband a house on 28th Avenue, which the parties are trying to sell, investment property and a house at Black Butte, along with an IRA account, his interest in a limited partnership, a boat and his interest in the professional corporation. Wife received a car, most of the parties' furniture, the house in which she was living, the mortgage on which husband was required to pay off from the proceeds of the sale of the 28th Avenue house, as well as a lien against the investment property for $50,000 and a lien for $25,000 against all the real property awarded to husband. Both liens bear interest at the rate of 9 percent per annum and are payable not later than January 1, 1986.

Wife contends that the trial court erred in failing to include the value of husband's professional corporation in making the property division. According to wife's figures, not contested by husband,[1] the value of the property

---

[1] Husband apparently agrees with the values assigned to the various assets, except that he argues that the costs of selling the 28th Avenue house and the tax consequences of any sale of that property reduce its value to him considerably.

received by wife was $243,700 and that received by husband was $224,649,[2] without including the value of the professional corporation. Wife contends that she should receive "the long half" of the assets, because she does not have the earning potential that husband does. The trial court indicated that it did not assign a value to the professional corporation because it was the source for the spousal and child support payments husband is required to make•and because "I didn't get a figure from anybody as to its value anyhow."

Wife did introduce, however, the balance sheet of the corporation, which indicates that it had assets of $103,471.05 and liabilities of $14,336.77. Husband testified that certain of the assets had gone down in value as of the time of trial, reducing the total value of the assets, after deducting liabilities, to approximately $75,000.

■ We believe it was error for the trial court to fail to consider the value of this asset, which was awarded to husband in making the property division. While it is true that the corporation is the source of the greatest portion of husband's income, from which he must make support payments, it is also a marital asset whose value should have been taken into account in making the property division. Husband's ability to earn income will not be diminished by so doing. *See Franzke and Franzke,* 292 Or 110, 119, 637 P2d 595 (1981); *Haguewood and Haguewood,* 292 Or 197, 638 P2d 1135 (1981); *Kelley and Kelley,* 40 Or App 605, 595 P2d 1294 (1979); *see also, Goger and Goger,* 27 Or App 729, 557 P2d 46 (1976).

■ Although it might not be the approach we would take if we were making the initial property division, rather than unravel all that has been done we believe that the best adjustment to be made is to increase wife's lien against all the real property awarded to husband from $25,000 to $50,000. The lien will bear interest at 9 percent per annum until paid and will remain payable on the same conditions as ordered by the trial court.

---

[2] Wife's calculations do not include the 1980 Datsun which she received. There is still money owing on the purchase of that car, and its value is not clear from the record.

■ We agree with wife that an award of permanent spousal support is appropriate in this case. Wife worked as a sales clerk in a department store 25 years ago; that is her only work experience. She testified that she would like to find similar work now, although perhaps only on a part-time basis while the children are growing up. Although wife is only 47 years of age, in light of the duration of the marriage and the parties' disproportionate earning powers, permanent spousal support is indicated. *See Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575 (1974).

In determining the amount of spousal support that should be awarded, we note that wife is able to work, has received a home which will be paid for in full and, when the liens are paid by husband, will have $100,000 in cash. We conclude that $1,500 per month is appropriate for five years following the decree and that $1,000 is appropriate thereafter.

■ Finally, as to the issue of attorney fees awarded to wife, the record indicates that the parties stipulated that if the trial court determined that an award of attorney fees was appropriate, it could set the fees on the basis of counsel's statement of time and services, without the need for expert testimony. The trial court, however, awarded wife $5,000 in attorney fees, although her counsel submitted no statement of time and services. Without an evidentiary basis for the award of attorney fees, it must be set aside. *Gifford and Gifford,* 49 Or App 1113, 621 P2d 99 (1980); *Underwood and Underwood,* 38 Or App 213, 589 P2d 1172 (1979).

The trial court decree is modified to award wife a lien of $50,000 against all real property awarded to husband; to award wife permanent spousal support in the amount of $1,500 per month for five years and $1,000 per month thereafter; and to delete the award to wife of $5,000 for attorney fees. In all other respects, it is affirmed. No costs to either party.