Argued and submitted August 11, affirmed as modified October 13, 1982

In the Matter of the Marriage of

STEWART,
*Appellant,*
*and*
STEWART,
*Respondent.*

(No. 119954, CA A22601)

651 P2d 1379

A. B. Cummins, Jr., Salem, argued the cause for appellant. With him on the brief was Rhoten, Rhoten & Speerstra.

Paul J. Lipscomb, Salem, argued the cause for respondent. With him on the brief was Blair, McDonald, Jensen & Lipscomb, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Wife appeals from a decree of dissolution, challenging the property division, the amount of spousal support and the denial of attorney fees.[1] We modify the decree.

Husband, age 33, and wife, age 30, were married in 1972, while both were college students. In 1973, wife received a bachelor's degree in English, and husband received his doctorate in veterinary medicine. Two children born of the marriage are in wife's custody. In May, 1978, husband began a veterinary practice in Aumsville, Oregon. Wife was not employed during the marriage, but she assisted in the veterinary practice as a bookkeeper. The gross income of husband's practice has increased markedly since its establishment, from $21,700 in 1978 to $105,800 in 1980.

The parties separated in March, 1980. Wife hoped to receive her teaching credentials from Western Oregon State College by March, 1982. She also enrolled at Portland State University and expected to obtain a master's degree in social work by June, 1982.[2] Wife predicted that after graduation she could probably earn $1,000 a month as a social worker. At the time of trial, wife was not employed and was dependent on husband as the sole support of herself and the minor children. The trial court awarded monthly child support of $250 for each child and spousal support of $400 per month for 24 months.

The principal assets are: seven acres of land, with improvements (including the family home); the veterinary practice; two cars and a truck; livestock; and furniture and household goods. The parties were awarded their respective personal possessions and livestock. The remaining assets were divided by the trial court as follows:

---

[1] Husband filed a motion to dismiss wife's appeal on the ground that wife could not appeal after accepting the benefits of the decree, particularly husband's payment of a joint debt and payment of the interest due on the judgment entered in wife's favor. On the basis of the rule stated in *Hofer v. Hofer*, 244 Or 88, 415 P2d 753 (1966), this court dismissed husband's motion on June 17, 1982, without leave to renew. We therefore do not address arguments on that motion as presented in husband's brief. ORAP 9.40(3).

[2] The record does not contain evidence that either of these educational goals have been realized on schedule.

TO WIFE

| | |
|---|---|
| Furniture and household goods | $ 9,000 |
| Honda automobile | $ 4,800 |
| | $ 13,800 |

TO HUSBAND

| | |
|---|---|
| Equity in land (including improvements) | $ 33,600 |
| Furniture and household goods | $ 2,600 |
| GMC pickup and canopy | $ 1,350 |
| Life insurance cash value | $ 200 |
| Bulk oil | $ 400 |
| Veterinary practice | $ 5,000 |
| | $ 43,150 |

In awarding the assets, the court found husband liable for $8,600 in debts (excluding encumbrances on the land) and wife liable for $5,000.

The trial court, in its letter opinion, computed that wife received assets with a net value of $8,800 and husband acquired assets having a net value of $36,550. Although neither party questions the mathematical computation of husband's net value, it appears that an error of $2,000 was made and that the husband's net asset value is $34,550 ($43,150 minus $8,600) and not $36,550. The error continued when the court, in attempting to equalize the property division, awarded wife a judgment for $14,000. (Adjusting husband's net asset value downward by $2,000 would result in a corrected judgment of $13,000.) The court ordered the judgment to bear interest at 9 percent per annum, with the interest paid semi-annually. The judgment is to be paid in five annual payments with the first installment of $2,000 due on termination of the spousal support obligation (March, 1984) and $3,000 due on March 1 of each year thereafter for the next four years.

Wife contests the trial court's evaluation of the land and improvements and the veterinary practice. She also disputes the amount of the judgment and its payment terms.

██ ██ The trial court found that the value of the land and improvements was $140,000. There were two appraisals: one at $150,000 and a more recent one at $135,000. There is no basis in the record for disturbing the court's evaluation. We do not accept the value placed on husband's veterinary practice. Wife's expert witness testified that the practice had a net worth of $34,000.[3] Husband testified that the practice was worth approximately $16,000, if cash on hand, accounts receivable and equipment were included. The trial court rejected the opinion of wife's expert and stated:

> "I have also disregarded any accounts receivable since these are the source of future income of Respondent and the source of support payments hereinafter required. The equipment has a present depreciated value of $3,800. The only vehicle left is the 1980 Toyota which has a value of $6,400 and an encumbrance of $5,200 leaving a net value of $1,200. These two items total a $5,000 business value in which Petitioner is entitled to share."

We agree that wife's expert witness was unpersuasive, but we do not agree that the accounts receivable should be disregarded. While it is true the veterinary practice is the source of husband's income from which he will pay support, the accounts receivable are a current asset of his practice. We conclude that it was error not to include the accounts as an asset of the business. Husband's ability to earn income will not be diminished by doing so. *Goebel and Goebel,* 56 Or App 52, 641 P2d 59 (1982); *see also Kelley and Kelley,* 40 Or App 605, 595 P2d 1294 *rev den* (1979); *Goger and Goger,* 27 Or App 729, 557 P2d 46 (1976). In evaluating the business, we have included the value of the fixed assets ($5,000 — vehicle and equipment) as determined by the trial court and the current assets.[4] Husband testified that the current assets amounted to $10,333. A balance sheet ending December 21, 1980, shows current assets of $11,237.55. Because it is the more current, we find husband's figure more persuasive. Accordingly, we find that the value of the practice is $15,333, being the total of

---

[3] Wife's expert witness apparently calculated this figure by taking 50 percent of the average income for 1978, 1979 and 1980 and adding the liquidation value of the fixed assets.

[4] By "current assets," we mean cash on hand and in the bank and the accounts receivable. The evidence was insufficient to assign a value to goodwill.

the fixed and current assets. Wife is entitled to one-half of the increase ($10,333), which is $5,167. Therefore, wife's "corrected" judgment of $13,000 is increased to $18,167.

■ Wife next argues that the amount of spousal support is not sufficient and that the payment of the judgment over a period of years is inequitable. She maintains that $400 a month in support and the deferral of the principal payments on the judgment prevents her from rehabilitating herself and perpetuates her dependency on her parents. The goal of spousal support is two-fold: to provide for the disadvantaged spouse and to encourage economic self-sufficiency. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Stephens-Tiley and Stephens-Tiley,* 50 Or App 503, 623 P2d 1105 (1980). Although wife questions husband's testimony concerning the amount of his disposable monthly income, there is no evidence to contradict the court's finding that husband's monthly net income is $1,934, based on his monthly average income in 1980. Our review of the record satisfies us that the amount of spousal support, when considered in conjunction with husband's responsibility for the payment of child support and debts of the parties, is reasonable and is in keeping with the goal of ending support dependency.

■ The decree provides that the principal amount of the judgment should be paid in five annual installments commencing March 1, 1984, the date spousal support terminates. That provision is not inequitable, and we are not disposed to substitute our judgment for that of the trial court. *Frishkoff and Frishkoff,* 45 Or App 1033, 1042, 610 P2d 831 (1980); ORS 107.105(1)(e). However, we modify the payment schedule to provide that the principal amount of the judgment shall be paid in five *equal* annual installments, with the first installment to be paid on or before March 1, 1984.

■ Lastly, wife argues that the trial court erred in not awarding her attorney fees. The trial court ordered that the parties pay their own attorney fees. In making that determination, the trial court took into account the property division and the financial obligation imposed by the dissolution. We find no abuse of discretion. *See Wheeler and Wheeler,* 31 Or App 995, 998, 571 P2d 1289 (1977).

Wife is awarded judgment against husband in the sum of $18,167, plus interest at 9 percent per annum computed from the date of the decree of dissolution, with the interest to be paid semi-annually. The judgment shall be paid in five equal annual installments, with the first installment to be paid on or before March 1, 1984.

Affirmed as modified. Costs to wife.