Argued and submitted June 20, affirmed September 28, 1983

In the Matter of the Marriage of

FERRAN,
*Appellant,*
*and*

FERRAN,
*Respondent.*

(D8002-61178; CA A26896)

669 P2d 385

Mark McCulloch, Portland, argued the cause for appellant. With him on the brief was Powers & McCulloch, Portland.

Sanford Kowitt, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warren and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Father appeals an order in this dissolution case holding him in contempt and requiring him to pay accumulated child support. We affirm.

The decree of dissolution was entered February 1, 1981, and, *inter alia,* ordered father to pay a total of $550 per month child support. Father filed a notice of appeal, and the trial court, pursuant to ORS 107.105(4), ordered father to pay temporary child support of $400 per month pending disposition of his appeal. The temporary support commenced May 1, 1981. On December 1, 1981, we affirmed the award of child support contained in the decree. *Ferran and Ferran,* 54 Or App 954, 636 P2d 1013 (1981). Father paid the temporary support of $400 per month as it became due each month.

Subsequent to our decision on the original appeal, mother obtained an order to show cause why father should not be held in contempt for failure to pay the difference between the child support ordered in the decree and the amount paid under the order of temporary support. There is no dispute as to the amounts involved.

Father argues that mother is entitled to no more than the $400 per month paid pursuant to the temporary support order. He asserts that our decision was effective when issued and that the only order pending the decision on appeal was the temporary support order. That order, he argues, constitutes an accruing judgment and is the only judgment he is required to pay, because it was an adjudication between the parties covering the period from the date of the order to the date of our decision.

We affirmed the portion of the decree that awarded mother $550 per month child support commencing February 1, 1981. In *Harrington and Harrington,* 59 Or App 131, 650 P2d 186 (1982), we said that, when we modify a support provision on appeal of the original decree without specifying an effective date other than the date of the decree, the modification is effective as of the date of the original decree. The same rationale is applicable to our affirmance of a support award in a decree. In the original appeal we simply affirmed the child

support award without specifying an effective date; consequently, the award is effective as of the date of the original decree. The amount of the original award accrues as a judgment from that date and is not displaced by the temporary support award imposed pending our decision on appeal.

Affirmed. Costs to respondent.