Argued and submitted January 27, affirmed as modified March 22, reconsideration
denied May 5, petition for review pending 1989

In the Matter of the Marriage of

## BAUMGARTNER,
*Respondent,*

*and*

## BAUMGARTNER,
*Appellant.*

(CC86-3475; CA A48138)

770 P2d 965

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the brief were Keller, Gottlieb & Gorin, Portland.

Elizabeth A. Baldwin, Astoria, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

In this dissolution proceeding, wife assigns as error the trial court's division of property, its requirement that she be medically examined each year to determine her employability and the failure to grant her permanent spousal support. On *de novo* review, we modify the property division, eliminate the medical examination requirement and affirm the award of spousal support.

At the time of trial, husband, age 35, and wife, age 41, had been married eight years. Wife is a college graduate and worked as an executive secretary before the marriage, but has not worked since. She suffers from a condition known as candidiasis, but it will likely resolve itself in three to five years. She is currently unemployable. Husband has a dental practice with a gross income of $160,000 and a net income of $50,000 per year. At the time of the marriage, husband had completed dental school, but neither party had any significant assets.

The trial court's division of marital property results in husband receiving net assets of $87,366. Wife was awarded net assets of $50,628, including a judgment of $20,000. The trial court believed that the disparity in award was justified because the dental practice was the source of money to pay marital obligations and spousal support. That rationale was rejected by this court in *Stewart and Stewart,* 59 Or App 713, 717, 651 P2d 1379 (1982); *see also Goebel and Goebel,* 56 Or App 52, 641 P2d 59 (1982). As was the case in *Stewart* and *Goebel,* husband's ability to earn income will not be diminished by considering his dental practice as a marital asset. We find that the statutory presumption of equal contribution has not been overcome. ORS 107.105(1)(f). We modify the property division to equalize the division of marital property.[1]

---

[1] The trial court divided the property as follows:

| A. Family Assets | Wife | Husband |
|---|---|---|
| Cash payment to wife | $ 2,500 | $ |
| Personal Property | 16,628 | 5,825 |
| Dental Office Building Award | | 40,000 |
| Warrenton House-Est. Net Proceeds Split | 11,500 | 11,500 |

■ The trial court ordered that wife submit to a medical examination by a physician chosen by husband on an annual basis and that the physician make a report to both parties as to whether wife is physically capable of full-time employment. We agree with wife that the court erred in imposing this requirement. A court's authority to grant relief in dissolution cases is solely statutory. *Grayson v. Grayson,* 222 Or 507, 513, 352 P2d 738 (1960). We find no authority in the statutes or case law which would permit a trial court to impose a requirement of physical examination of a former spouse in the circumstances in this record. Since the court's power is limited to that expressly conferred by ORS 107.135 and that implied to carry an express grant into effect, the trial court was without authority to enter the order. *See Burke v. Burke,* 216 Or 691, 340 P2d 948 (1959).[2]

| | | | |
|---|---|---|---|
| B. | Dental Practice Assets | | |
| | Dental Equipment | | 30,000 |
| | Accounts Receivable | | 20,000 |
| | Good Will | | 59,750 |
| | **Total Assets Awarded** | **$30,628** | **$167,075** |
| C. | Family Liabilities | | |
| | Bank of Astoria | | (2,000) |
| | Citibank VISA | | (2,346) |
| | 1st Card VISA | | (4,784) |
| D. | Dental Practice Liabilities | | |
| | Total Equipment Loans | | (24,545) |
| | Total Education Loans | | (26,034) |
| | **Total Liabilities Awarded** | ╲ | **($59,709)** |
| | NET ASSETS AWARDED (Assets-Liabilities) | $30,628 | $107.366 |
| | Judgment for 1/2 of value of dental office building | 20,000 | (20,000) |

When the division of property is equalized, wife's judgment increases to $38,369.00.

[2] A person's physical condition is a highly personal matter, the disclosure of which is protected by law unless waived by the person's own actions. *See State ex rel Grimm v. Ashmanskas,* 298 Or 206, 212, 690 P2d 1063 (1984). ORCP 44 provides for medical examinations if the physical condition of a party is "in controversy." It further provides that an order for an examination can only be made "on motion for good cause shown." This provision requires a trial court to hold a hearing after a controversy exists and before the examination occurs. The trial court's judgment did not require that.

■ Because of wife's age, employment history and projected recovery from her health problems, we hold that the spousal support award structured by the trial court over a period of five years is appropriate. *See Coats v. Coats,* 64 Or App 594, 669 P2d 320 (1983).

Judgment modified to award wife $38,369, payable at the rate of not less than $5,500 per year, plus interest; first payment due 30 days after effective date of appellate judgment; requirement of annual medical examination deleted; affirmed as modified. Costs to wife.