Argued July 25, affirmed August 27, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
PHILLIPAKIS, *Respondent, and* PHILLIPAKIS,
*Appellant.*

513 P2d 529

*Dan Van Thiel,* Astoria, argued the cause for appellant. With him on the brief were Anderson, Fulton, Lavis & Van Thiel, Astoria, and A. I. Bernstein, Portland.

*Jeanyse R. Snow*, Astoria, argued the cause for respondent. With her on the brief were Lawrence M. Dean, and Macdonald, Dean, McAllister & Snow; and Ronald L. Miller, Astoria.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

The decree of the circuit court dissolving the marriage of the parties awarded custody of the minor children of the parties to the appellant, Mrs. Phillipakis, provided support money for those children, made a division of the property of the parties and provided that Mr. Phillipakis should pay support money to Mrs. Phillipakis. This is an appeal by Mrs. Phillipakis from only that portion of the decree dividing the property and determining the amount of support to be paid her.

The parties were married in 1961 and have two minor children—one born in 1963 and one in 1965. So far as we can determine from the rather sketchy record Mrs. Phillipakis brought no material assets of consequence into the marriage, and did not work during the marriage. At the time of the marriage Mr. Phillipakis was half-owner of a restaurant which he and his sister had apparently received from their father. The parties owned a house, subject to a mortgage, household effects, automobiles, some securities and 2500 shares of Andrew & Steve's, Inc., which represented one-half interest in the restaurant business. The trial court awarded the 2500 shares in the restaurant business to Mr. Phillipakis. The value of the restaurant business is the issue on which the wife challenges the fairness of the distribution of property made by the trial judge.

Mr. Phillipakis testified that the one-half interest in the restaurant was worth about $20,000. Mrs. Phillipakis testified that it was worth $70,000. If Mr. Phillipakis's valuation was correct, the court's division of the property resulted in a roughly equal distribution. No expert witnesses were called. Other than the parties, the only witness was the husband's sister, who did not testify as to any issue pertinent to this appeal. The only relevant documents in evidence are the 1971 corporate tax return covering the restaurant business, a buy and sell agreement between the owners of the restaurant stock and their spouses, and a financial statement for the year 1971 covering the restaurant.

The corporate tax return indicates that the restaurant made very little profit. The financial statement sets forth a book value of $80,000 which, if correct, would give Mr. Phillipakis's stock representing a one-half interest an actual value of $40,000. Mr. Phillipakis's undisputed testimony was that he worked seven days a week from 9 to 16 hours a day in the restaurant for which he got a salary of $900 per month gross, plus an expense account of $90 per month. Mr. Phillipakis testified that he would be glad to sell his interest in the business for $20,000, and that the financial statement notwithstanding, the physical condition of the building and equipment was so bad that the business was worth no more than that.

He was unable to explain why the buy and sell agreement entered into between him and his sister in 1970 placed a value of $140,000 on the business other than to indicate that the corporation owned life insurance covering the owners of the stock, and that a high value had been placed on the stock for insurance purposes. The buy and sell agreement did not contain any

obligation on either party to purchase at this price, which was recited in the agreement only as being the fair market value as of the date of execution of the agreement. Mrs. Phillipakis testified that the restaurant stock had the same value placed on it by the buy and sell agreement, but offered nothing except the buy and sell agreement to support that conclusion. Taking the evidence as a whole, we cannot say that the trial judge was wrong in arriving at his conclusion. He saw and heard the witnesses, and apparently he believed Mr. Phillipakis's testimony as to the value of the restaurant business. Furthermore, regardless of the theoretical value of the restaurant business for purposes of sale, the evidence indicates that essentially it was a small business which provided employment for Mr. Phillipakis and his sister's husband—employment with an income level which can hardly be described as unusually munificent.

■ Mrs. Phillipakis was awarded the family home valued at between $20,000 and $25,000, subject to a $9,000 mortgage, the furnishings, an automobile, $5,250 in cash and corporate stock worth about $10,000. In addition, she was allowed $100 per month for the support of each of the two children, and $100 per month for a period of 18 months and $1 per year thereafter for herself.

Medical evidence by way of a letter from a doctor stated that Mrs. Phillipakis suffered from rheumatic heart disease not of sufficient severity to indicate surgical intervention. The medical report stated that she should be restricted to light work such as clerical, desk or office work. She had been trained in office and clerical work prior to her marriage, and was 34 years old at the time of the decree.

Under the circumstances, we find that the award of alimony was not such that we should disturb it on appeal, particularly in view of the fact that it is subject to modification if future developments should indicate that such is desirable.

Affirmed.