# In the Matter of the Dissolution of the Marriage of
## BROWNING, *Appellant,*
### *and*
## BROWNING, *Respondent.*
### (No. 75-733 E, CA 6921)
559 P2d 1314

Richard J. Smith, Klamath Falls, argued the cause for appellant. With him on the brief were Smith & Lee, Klamath Falls.

Robert S. Hamilton, Klamath Falls, argued the cause for respondent. With him on the brief were Beddoe & Hamilton, Klamath Falls.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Wife appeals from the property division portion of a decree of dissolution and from denial of her request for attorney fees. This is a marriage of 24 years, the husband is 60 and the wife 44. Their only child is grown and emancipated. Their principal source of income has been from a successful farming operation on land with a farmhouse brought to the marriage by husband. He also brought with him to the marriage a full line of farming equipment, which has been replaced or modernized as it wore out. During this 24 years they have improved the farmhouse, added farm buildings, acquired stock investments, a potato cellar and a market. The latter they lease to third parties.

The court awarded the farm property, including the home, the potato cellar and all the farm machinery and personal property associated with the farm to husband, subject to an encumbrance in the amount of $25,000 awarded to wife as her interest in this property. The court found this described property to be valued in "excess of $50,000." The market, valued at $115,000, was awarded to both as tenants in common, subject to an outstanding liability of $19,000.

The stock investments were equally divided, with the exception of investments in the Klamath Production Credit Association, which were pledged as collateral and were given to husband. Each party received one of the family automobiles and husband received, in addition, a pickup and several vehicles directly associated with the farming enterprise. Wife received a savings account of $6,500 and husband a bank account of $22,000. The court valued the farm crop for 1975 at $14,700, and awarded one half to each party. There were other distributions not material to this appeal. Husband was to assume all outstanding debts with the exception of the obligation attached to the market which was assumed by both parties as tenants in common.

Wife's main contention is husband received the

farming operation and attendant equipment and property which has a value far in excess of $50,000 assigned by the trial court; and consequently she should get the market as her sole property to effect a more equal distribution.

From our reading of the record it appears the valuation of the farm property is substantially understated at $50,000. Valued as a going business or as a sum of the various parts, it exceeds $150,000 in value. The market lease income is just sufficient to discharge the outstanding obligation, taxes and other expenses incident to ownership with little, if any, net income.

The wife requested no spouse support, she, however, is left by the decree with much less than an equal share of the assets of the marriage; while husband, with the farming operation has a larger share and the principal income producing assets of the family. Although husband brought substantial assets into the marriage, the farm has been improved by addition of buildings and remodeling of the farmhouse and acquisition of the potato cellar. The value of the farm equipment the husband brought to the marriage is to some degree reflected in the valuation of the new machinery, but, this value has been enhanced during the marriage. The amount and source of contributions brought into the marriage are not controlling in their distribution. *MacNab and MacNab,* 28 Or App 231, 558 P2d 1293 (1977).

Husband contends that wife, after a few years of work directly in the farming operation, did little actual farm work and seems to contend she did not earn a greater share. We have long since abandoned the notion in dissolution cases that a spouse must directly engage in the production of family income in order to earn a share. Being a wife, homemaker and mother is a substantial contribution to production of family income and acquisition of assets. Additionally, these activities required her to forego employment opportunities that would otherwise make her self-supporting.

[ 566 ]

■ The wife should have a greater share of the assets than awarded by the court. Accordingly, the decree is modified to award to wife the market known as "Sentry Market" as her sole and separate property, subject to the outstanding obligation. Husband is awarded the 1975 farm crop, valued at $14,700, as his sole and separate property.

■ The court did not abuse its discretion in declining to award attorney fees to the wife. She, by the decree, acquired a substantial cash award from which she can discharge the obligation of attorney fees.

Affirmed as modified. Costs to neither party.