In the Matter of the Marriage of
HINRICHS, *Respondent,*
*and*
HINRICHS, *Appellant.*
(No. 77-2225-E-2, CA 11430)
588 P2d 130

Donald Pinnock, Ashland, argued the cause for appellant. On the brief was Jack Davis, Ashland.

William Ferguson, Medford, argued the cause for respondent. With him on the brief was Grant, Ferguson & Carter, Medford.

Before Thornton, Presiding Judge, and Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Husband appeals from the decree dissolving the marriage, assigning as error the award of spousal support and the property division.

The parties were married in 1964. They had two children, one born in 1966 and the other in 1968. In 1969, following husband's discharge from the Navy, the parties moved to Oregon, where husband was employed by his father in the family's recreational vehicle sales business. Husband acquired a one-third interest in the business shortly thereafter. At the time of the dissolution the parties had also acquired an equity in a home, automobiles, and miscellaneous items of personal property.

Husband's net salary from the recreational vehicle business is $1,118 per month. In addition, husband receives approximately $250 per month for serving in the Naval Reserve, resulting in a net take-home pay of $1,368 per month. The trial court valued the one-third interest in the family business at $62,500 and awarded it to husband, together with various items of personal property and his interest in his Naval retirement.

Wife's educational background consists of one and one-half years of college gained prior to the marriage; at the time of trial she was 33 years of age. She was not employed during most of the marriage but is presently employed and receives a net take-home pay of $403 per month. Wife testified that she hopes to obtain additional training so that she could seek other, more lucrative, employment. The trial court awarded her custody of the children, $500 per month child support ($250 per child until age 18, or 21 if they are in school), $200 per month permanent spousal support in consideration of the income husband will receive from his interest in the business, a judgment for $15,000 as a property settlement payable in installments of $200 per month, plus interest, the home, furnishings, and other miscellaneous items.

■ Husband challenges the court's valuation of the residence and the family business in the property division. The residence was purchased six months prior to trial for $47,500. Husband introduced testimony of a real estate broker that the property was worth $53,000, but the court placed a value of $50,000 on it determined by what a reasonable buyer would pay to a reasonable seller. We find no error in this valuation.

■■ While the book value of the business was $165,000, the trial court valued it at $187,500, with husband's interest being $62,500. Husband contends that the recreational vehicle business is high-risk in view of the uncertain future of gasoline supply, and therefore the value should be no more than the book value. There is, however, no evidence which would support a lesser value and we will not engage in that kind of speculation. Nor is there any evidence that the owners of the business intend to liquidate it; to the contrary, they intend to stay in business. The valuation of the business must be as a going concern, which, generally, is greater than its asset value. *Browning and Browning,* 28 Or App 563, 559 P2d 1314 (1977). An accountant so testified in this case. We accept the trial court's valuation as reasonable, it being within the range of value to which the accountant testified.

■ Husband's other assignment of error is directed at the award of $200 per month permanent spousal support. The trial court, in its decree, stated that permanent support was being granted in consideration of the "husband's award of the business and his income derived therefrom." However, the property division reached by the court involved placing a value on the husband's interest in the business, which included its income potential, and then balancing the disparity in the division by awarding to wife a $15,000 judgment. To award wife, in addition, permanent support in consideration of the award of the business and its income to husband is unreasonable. It is not the policy of the law to give the wife "a perpetual lien against her

former husband's future income." *Kitson and Kitson,* 17 Or App 648, 656, 523 P2d 575 *rev den* (1974). The purpose of support is to afford the recipient time for readjustment and to gain employment which, in many cases, will involve further education and training. *Fulwiler and Fulwiler,* 22 Or App 311, 538 P2d 958 (1975). Spousal support for five years should be adequate to permit wife in this case to obtain the additional training necessary to accomplish that readjustment. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1978). Accordingly, we modify the decree to provide that the spousal support shall terminate five years from the date of the decree.

Affirmed as modified. No costs to either party.