Argued June 18, affirmed as modified August 23, 1979

In the Matter of the Marriage of
BROWN,
*Respondent,*
*and*
BROWN,
*Appellant.*
(No. 78-0657, CA 12984)
598 P2d 1242

J. P. Graff, Eugene, argued the cause for appellant. With him on the brief was Larry O. Gildea, P.C., Eugene.

John Svoboda, Springfield, argued the cause for respondent. With him on the brief was Lively & Wiswall, Springfield.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The husband appeals from those portions of a dissolution decree which divide the parties' property, provide for spousal support and enter judgment against him for unpaid support.

The parties were married for 21 years. They have two emancipated children and two minor children, ages 17 and 11, who live with their mother. Husband, now 42, is a commercial painter and half-owner of a painting business. His income fluctuated greatly, but his average monthly gross income for the first nine months of 1978 was slightly over $1,700.[1] Wife, 38, left high school after the 11th grade to get married and has received no further education. She did not work outside the home during the marriage.

## PROPERTY DIVISION

■ The parties divided their household effects and personal belongings by agreement. The trial court awarded the family residence to wife and the half-ownership interest in the painting business to husband. He contends that the equity in the house is far greater than the value of his interest in the painting business and that wife should be ordered to sell the house so that a portion of the proceeds could be used to pay the parties' debts.

The parties' estimates of the equity in the house range from $43,800 to $60,800. Their estimates of the value of the painting business which husband is half-owner range from $40,000 to $100,000.[2] An accountant's valuation, based on book value of the company's assets, was $57,573. Its value as a going concern is probably more than that. *See Hinrichs and Hinrichs,* 37 Or App 833, 836, 588 P2d 130 (1978).

---

[1] The painting business also generated an undetermined profit. It is unclear from the record what portion of that, if any, was distributed to husband.

[2] His interest is also subject to a $12,000 loan from his co-owner. Thus, his net interest would be worth somewhere between $8,000 and $38,000.

Husband concedes that wife should receive the "long half" of the assets. We are not convinced that the trial court made a mistake in dividing the marital assets and we therefore affirm that portion of the decree. *McCoy and McCoy,* 28 Or App 919, 926-28, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977).

## SPOUSAL SUPPORT

■ The trial court ordered husband to pay $500 per month spousal support for ten years or until wife dies or the court modifies its order.[3] We agree with husband that the duration of spousal support is greater than necessary for wife to acquire the education she needs to become self-sufficient.

Wife plans to obtain a graduate equivalency degree and then pursue nurse's training at the local community college. Eventually, she hopes to become a licensed midwife. It will take four years to become a registered nurse and two more to obtain a midwife's license. We find that this is a reasonable plan for the achievement of self-sufficiency, but there is no reason for spousal support to continue beyond that. Accordingly, we modify the decree to limit spousal support to six years.

## ARREARAGES

■ The trial court entered judgment against husband for $1,600 in unpaid *pendente lite* support. A pendency order had required him to pay $900 per month temporary spousal and child support. It also required him to pay mortgage, utility and monthly obligations totaling over $500 per month. Additionally, he was ordered to "use his best efforts" to pay other monthly obligations totaling over $450.

Husband is $600 in arrears on the support obligation and he did not pay a $60 telephone bill as required by the order. He contests only the other unpaid obligations which he asserts were in the "best efforts" category. He contends that he should not be held liable

---

[3] Husband also pays $275 per month child support and installments on several debts.

for those obligations because he was financially unable to meet them.

We take this provision of the decree to be in the nature of a division of responsibility for payment of family obligations as a part of the division of property. The determination of the amount assigned to husband occurred in the course of unreported meetings between counsel and the trial judge. Because those meetings are not reported, because the husband's evidence was vague and he failed to bring his personal records as ordered, and because we see nothing inherently wrong with being required to compensate wife for the payment of some of the interim bills, we decline to disturb the judgment in this respect.

Affirmed as modified. Costs to neither party.