Argued and submitted October 25, 1985, affirmed as modified June 4, 1986

In the Matter of the Marriage of

LANKFORD,
*Respondent,*
*and*
LANKFORD,
*Appellant.*

(7460; CA A34728)

720 P2d 407

Michele Hallman, Pendleton, argued the cause and filed the brief for appellant.

Valerie Doherty, Heppner, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Wife appeals a judgment of dissolution of a 27-year marriage. Principally, she challenges the provisions for spousal support and the property division. We modify the spousal support and otherwise affirm.

The parties were married in 1956 and have three children, all of whom were over 18 at the time of the dissolution. When the decree was entered, wife was 46 years old and husband, 47. Husband worked as a general laborer for 10 years after the marriage, when he bought a gas station, which he operated until 1972. He then worked in construction and logging until 1979, when he and his brother formed a logging company. Husband became sole owner of the business, which was incorporated in 1983. During the marriage, in addition to household duties, wife managed the books for the gas station and the logging business.

■ Wife's first assignment of error is that the trial court ordered spousal support to terminate after five years. Wife is healthy but has only a high school diploma and has taken a few community college classes. Her work experience is limited to what she did in the family businesses. At the time of trial she was employed doing general office work for $5 an hour with no fringe benefits. Expert testimony showed that, to be employed at a higher level, wife would have to change jobs and would still probably not advance to a middle management position for 10 to 15 years. We agree with wife that her contributions to the family home and the success of the family businesses for almost 30 years have decreased her ability to attain employment at a level significantly higher than her present position. See *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). Accordingly, we modify the decree to award wife $500 per month permanent spousal support from January 1, 1985.[1]

---

[1] Husband's adjusted gross income as shown by income tax returns was:

1983 - $  57,759
1982 - $127,922
1981 - $  24,692
1980 - $103,173

There was testimony that his gross wages for three summer months of 1984 totaled $6,888.

Wife next assigns as error that the court valued the logging business at only $90,000.[2] Wife presented testimony from an accountant who, using income tax returns, financial statements and husband's deposition, valued the business at $223,621. Wife argues that that value should be accepted, because the business is a going concern. She contends that the trial court therefore erred in failing to take into account the goodwill or income generating potential of the business. She argues that, ordinarily, a business has value above its assets and relies on *Hinrichs and Hinrichs,* 37 Or App 833, 588 P2d 130 (1978), and *Browning and Browning,* 28 Or App 563, 559 P2d 1314 (1977). In *Hinrichs* the business was the sale of recreational vehicles; in *Browning,* the business was a successful farming operation on land owned by the parties. Neither business was solely dependent on the work performed by the owner. Here, by contrast, apart from the logging equipment, the value of the business depended on husband's services.

Husband presented testimony of a contract logger that the business was worth about $60,000, which was the value of its equipment, and that there was generally no goodwill in such an operation unless the owner personally promised his services to accompany the sale of the business. The court clarified this testimony:

"THE COURT: Let me ask you a question. You made the observation in response to a question about what you value the goodwill in a business that you would buy. And as I recall your answer, it wouldn't be worth, really anything because, there is really nothing to buy. And that would be particularly true in logging operations. Is that my understanding of your....

"A. I would think so. Right.

"THE COURT: O.K.

"A. The good job that another operator has done wouldn't necessarily reflect that I would do the same job."

During the past six years husband has worked on contract logging, primarily for Kinzua Corporation. During one of those years Kinzua Corporation did not use him for almost the

---

[2] Husband's award included the logging company and $13,000 in cash; wife received real property and over $68,000 in cash.

entire year, and the income of the logging company has varied dramatically. At the time of trial the business was breaking even. Unlike in the cases relied on by wife, the facts here show that the success or failure of the business depends on husband's personal services and his ability to negotiate contracts in a fluctuating and depressed market. On *de novo* review we agree with the trial court's valuation of the business.

■       Wife's final assignment is that the trial court erred when it refused to award her costs and attorney fees. Wife received a substantial cash award from which she can discharge her obligations, and the court did not abuse its discretion. *Browning and Browning, supra,* 28 Or App at 567.

Judgment modified to award wife $500 per month permanent spousal support beginning January 1, 1985; otherwise affirmed. No costs to either party.