Argued and submitted November 10, 1993, remanded for entry of modified
judgment; otherwise affirmed April 20, 1994

In the Matter of the Marriage of

Linda Kay ROLIE,
*Respondent,*

*and*

Gerald Richard KUNKEL,
*Appellant.*

(92-1245-D-1; CA A78564)

873 P2d 397

Judith H. Uherbelau argued the cause for appellant. With her on the brief was Howser & Munsell.

Craig S. Galpern argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband appeals from a dissolution judgment. He assigns error to the trial court's property division. On *de novo* review, ORS 19.125(3), we affirm as modified.

The parties were married in August, 1989. During the marriage, they separated several times, the longest period lasting four months. Their final separation occurred in February, 1992. Both parties brought substantial assets to the marriage. At the time of the marriage, wife had personal property worth $39,500, and husband had personal property worth $83,911 and a residence known as the Hill Street property.[1] Wife has a master's degree in counseling and psychology and, at the time of the marriage, was operating her own business as a vocational rehabilitation counselor. She continued the business throughout the course of the marriage. In 1989, her business had gross receipts of $91,256 and a net profit of $43,996. Through November, 1992, wife's 1992 gross business receipts were $58,836, and her net income was approximately $28,000. This matter was tried in December, 1992.

Two months after the marriage, husband began his own business as an electrician. Two months later, husband terminated his other employment to devote himself solely to his business. Several years before the marriage, he had begun preparing for his own business by obtaining the necessary licenses. When a local company represented to him that it had building plans for the next three years and that he could do all of their electrical work, he started the business. That company became husband's primary customer, accounting for 85% of his income. Although he operated the business as a "one man shop," he would occasionally hire subcontractors.

---

[1] The parties brought the following personal property to the marriage:

| Property: | Husband | Wife |
|---|---|---|
| 1982 BMW | | $ 9,500 |
| 1978 Van | $ 3,500 | |
| Savings Accounts | $ 500 | $ 20,000 |
| IRA | $ 4,911 | $ 10,000 |
| Pension | $ 75,000 | |
| TOTAL: | $ 83,911 | $ 39,500 |

At trial, he testified that his major contract was ending and that he would no longer need any subcontractors.

The trial court awarded each party the real and personal property that each had brought to the marriage and awarded the personal property acquired during the marriage to the party in whose name the asset was held. It then awarded wife an offsetting judgment of $58,500. In its memorandum opinion, the court reasoned that the judgment was required because of appreciation in certain real property and other assets owned by husband:

> "The Court is of the opinion that the business of [husband] has a value of $45,000.00, all of which is marital assets and which should be shared between the parties, so that [wife] should be awarded $22,500.00 to offset the interest in the business. * * * The Court then awards to [wife] judgment in the sum of $58,500.00 comprised of $22,500.00 to offset the value of [husband's] business, $15,000.00 for her interest in the real property appreciation and $21,000.00 for her interest in other asset appreciation to equalize the distribution of marital assets."

Husband argues on appeal that, when the duration of the marriage and its interruption by the separations are considered, the award is inequitable and contrary to ORS 107.105-(1)(f).[2]

■ A property division must be "just and proper" under all the circumstances. ORS 107.105(1)(f). In *Miller and Miller*, 294 Or 660, 661 P2d 1361 (1983), the court noted that, if a marriage is terminated before the parties' financial affairs become commingled, then the appropriate property division should be in the nature of a rescission to put the parties in a

---

[2] ORS 107.105(1)(f) provides, in part:

"Whenever the court grants a decree of marital annulment, dissolution or separation, it has power further to decree as follows:

"* * * * *

"(f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. A retirement plan or pension or an interest therein shall be considered as property. The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

financial position as if the marriage had not occurred. 294 Or at 665. In *Holt and Holt*, 97 Or App 192, 776 P2d 7 (1989), we followed that rule, adding that, as to those assets that are commingled, it may be equitable to require the parties to share in property that was acquired or that increased in value during the marriage. 97 Or App at 197. With these rules in mind, we turn to the trial court's award.

■    The trial court included in its offsetting judgment credit for the appreciation in the parties' real property that had accrued during the marriage. The only real property brought into the marriage by the parties was the Hill Street property owned by husband. During the marriage, they made improvements on that property, including installing a new heating system, remodeling a bathroom and redecorating the house. Both parties invested monies and labor in the improvements. However, husband repaid to wife the monies that she expended. In 1990, the property was put into both of the parties' names. Thereafter, they sold the Hill Street property and purchased a new residence (the Cady Street property), using the proceeds of the Hill Street property sale as a down payment. Title was taken in wife's name only. Both parties contributed to the improvements to the Cady Street property, but followed their practice of husband reimbursing wife for the monies that she expended.

The trial court awarded the Cady Street property to husband but awarded $15,000 to wife to reflect one-half of the real property appreciation during the marriage. Husband argues that the award can only be justified if a value of $180,000 is placed on the Cady Street property and that there is no evidence that the property is worth that much. However, there was appreciation of the Hill Street property also, which results in the $15,000 credit when added to the appreciation of the Cady Street property. Because the parties have commingled their contributions regarding the real properties, and because the statutory presumption of equal contribution by wife has not been rebutted, we agree with the trial court that wife is entitled to a $15,000 credit for one-half of the appreciation of the real property.

■    Next, we address the trial court's award to wife of $22,500 to offset the goodwill value of husband's business. Wife's expert testified that husband's business had a goodwill

value of $45,000. However, husband's uncontroverted testimony is that 85% of his business came from one customer and that his work for that customer was ending. Wife's expert conceded that those facts could reduce the goodwill value of the business and that he would have to analyze the stability of husband's remaining customers and prospects of obtaining other customers in order to ascertain any goodwill value. No evidence of a modified analysis or value was offered. In the light of that evidence, we are unable to find that there was any goodwill value of the business.[3] *See Kelley and Kelley*, 40 Or App 605, 608, 595 P2d 1294, *rev den* 287 Or 215 (1979). The trial court erred in including an amount for the goodwill value of the business in its calculations.

■    Also, the trial court included $21,000 in the offsetting judgment for wife's interest in "other asset appreciation" belonging to husband. At the time of trial, the parties had personal property, which the trial court awarded as follows:

| Property: | Husband | Wife |
|---|---|---|
| 1982 BMW | | $ 5,000 |
| 1978 Van | $ 2,000 | |
| Porsche | $ 4,000 | |
| Vanagon | $ 6,000 | |
| Savings Accounts | $ 7,000 | $ 52,511 |
| Bonds | $ 1,200 | |
| IRA | | $ 12,638 |
| Pension | $ 95,000 | |
| A. G. Edwards Account | $ 30,000 | $ 21,408 |
| Business Accounts | $ 40,000 | $ 1,000 |
| Electrical Van | $ 5,000 | |
| TOTAL: | $ 190,200 | $ 92,557 |

[3] Husband testified that his business was a one person shop, and that

"everybody in my position has an old truck with old tools, and you pretty much work for people that you know, come do work instead of bidding projects. And the only real value of my business is my reputation as a person, and people who know I've worked for in the past."

In the light of husband's testimony, we question if the business is the kind that can have any goodwill value. *See Lankford and Lankford*, 79 Or App 742, 745, 720 P2d 407 (1986).

Husband testified that the parties discussed and intended to keep their finances separate. Husband, who had been married twice before, testified:

"I had told [wife] that was one of the things that I thought was going to be good about this marriage is that we would have our own separate business, and we would pool together on, on expenses, but still maintain our own separate identities. She kept her own name, and I had my own business, and we would just operate that way as a kind of a unit."

During the marriage, the parties operated their businesses separately and without significant contribution or involvement from each other. Those assets, with the exception of the real property that had been brought into the marriage by husband, were kept in separate names. Each party contributed to the household expenses from the income of their businesses, but did not commingle the above personal assets. The evidence demonstrates that they agreed to and did segregate their individual assets from any marital estate. Accordingly, we give effect to their manifested intention when considering what assets should be restored to the previous owners and what assets should be subject to a division. The trial court did not err when it restored each of the above assets to its respective owner.

■ The only remaining question is whether the appreciation of those assets that accrued during the marriage should be divided between the parties and should be reflected by an offsetting judgment. Because a just and proper division under the circumstances is in the nature of a rescission, we need not address the issue of whether the appreciation is a "marital asset." *See Miller and Miller, supra,* 294 Or at 666. Under the holding in *Miller*, the appreciation of each asset follows the asset and accrues to its restored owner without regard to ORS 107.105(1)(f). Therefore, we modify the judgment so that wife shares only in the appreciation of the real property, the interests in which were commingled by the parties. *See Hadden and Hadden,* 127 Or App 483, 873 P2d 394 (1994).

Remanded for entry of modified judgment awarding wife judgment of $15,000; otherwise affirmed. Costs, not including attorney fees, to husband.