Argued and submitted September 10, 1993, remanded for entry of modified
judgment in part; otherwise affirmed June 22, 1994

In the Matter of the Marriage of

Judith E. MAXWELL,
*Respondent,*
*and*

Otis A. MAXWELL, III,
*Appellant.*

(91-0446-D-1; CA A78128)

876 P2d 811

John R. Faust, Jr., argued the cause for appellant. With him on the brief were Schwabe, Williamson & Wyatt and Douglas J. Richmond.

Thomas C. Howser argued the cause for respondent. With him on the brief was Howser & Munsell.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals from a judgment of dissolution, challenging the trial court's valuation of the family business and award of indefinite spousal support. We review *de novo*, ORS 19.125(3), and remand for entry of a modified judgment.

At the time of trial, wife was 47 and husband was 45. They were married for fifteen years. They have a daughter who was 13 years old. She lives with wife.

Husband is a self-employed advertising copywriter. He reported total income for federal tax purposes of $63,127 in 1987, $89,710 in 1988, $91,264 in 1989, $109,949 in 1990, and $107,522 in 1991. During the last half of 1991, husband's business took a turn for the worse, and he worked as a contract employee for a public relations firm. However, in the month before trial, husband's business generated more than $7,000 in work, which husband characterized as a sign that the business was "starting to pick up."

The value of husband's business, beyond a few assets, was the subject of dispute at trial. Husband's expert testified that the value of the goodwill in the business was negligible, because husband was the sole proprietor and the success of the business depended on his skills and talents. Wife's expert testified that, although the business would have no value without husband, it had substantial goodwill value with the key person in place, because there was a value to husband's proven ability to continue working with the people with whom he deals. Using an excess earnings capitalization approach, wife's expert valued husband's business at $63,000.

Wife has one year of college and two years of trade school training in fashion design. Before the birth of their child, she worked as an artistic director and as an artist representative in Los Angeles. Wife has had a few short-term, part-time jobs since that time. An expert testified that someone with more prior experience than wife, who then took an extended leave from the job market, would be able to earn $40,000-$60,000 a year in Los Angeles after two or three years more experience. Wife testified that she would need three years of schooling to become employable in a related

field. At the time of trial, wife had made only modest attempts to find work.

The trial court valued the goodwill of husband's business at $50,000 and found that husband's income was $90,000 a year. The court split the marital assets and awarded wife an equalizing judgment, all but $49 of which consisted of the goodwill value of the business, and awarded wife indefinite spousal support of $1,250 a month from May 1, 1992, until November 1, 1992, and $1,750 a month thereafter. Husband appeals from the trial court's valuation of the goodwill value of the business and the award of indefinite spousal support to wife.

Husband first argues that the trial court erred in giving his business any goodwill value, because husband is the sole proprietor of a talent-based, personal service business that has no value without him. We agree.

A business ordinarily has value over and above the value of its assets, known as "goodwill" value. *Hinrichs and Hinrichs*, 37 Or App 833, 836, 588 P2d 130 (1978). However, when a business consists of the work of a sole practitioner, we have declined to assign a value for goodwill. In *Reiling and Reiling*, 66 Or App 284, 673 P2d 1360 (1983), *rev den* 296 Or 536 (1984), we noted that determination of the goodwill value of a sole proprietorship must be approached " 'with *considerable care and caution*.' " 66 Or App at 288, *quoting Lopez v. Lopez*, 38 Cal App 3d 93, 110, 113 Cal Rptr 58 (1974). (Emphasis in original.) In that case, we assumed, for the sake of argument, that the goodwill value of a law firm owned by a sole practitioner could be appropriate in some cases, depending on the factual record as to the owner's age, health, professional reputation, skill, knowledge and work habits. An expert had valued the goodwill of the sole practitioner's firm on the basis of an average of the excess of his earnings over a period of years above the median income for lawyers in the area. We concluded that the expert's testimony was an insufficient basis on which to assign a value to the goodwill in the practice. 66 Or App at 288-89.

More recently, in *Lankford and Lankford*, 79 Or App 742, 720 P2d 407 (1986), we held that there was no goodwill value in a logging business, when the evidence showed that the success or failure of the business was dependent on the

husband owner's personal services and on his ability to generate new work. "There is generally no goodwill in such an operation," we wrote, "unless the owner personally promised his services to accompany the sale of the business." 79 Or at 745; *see also Rolie and Kunkel,* 127 Or App 428, 433 n 3, 873 P2d 397 (1994).

■ In this case, as in *Reiling and Reiling, supra,* the testimony in support of the trial court's conclusion concerning the goodwill value of husband's business consists principally of an expert's calculations on the basis of a capitalization of excess earnings theory. There is no testimony concerning the extent to which the expert took into account the factors we described in *Reiling and Reiling, supra.* Moreover, the evidence concerning those factors shows that, as in *Lankford and Lankford, supra,* the success of husband's business is completely dependent on the creative, personal services that he provides. Even wife's expert agreed that husband's business would have no value beyond its assets without husband "in place." The trial court erred in assigning a goodwill value to this sole proprietorship. On *de novo* review, we find that the goodwill value is zero.

Husband next assigns error to the trial judge's award of spousal support. Husband argues that award should be reduced in amount and limited in duration. According to husband, the award is erroneously based on the trial court's "speculation" that husband can earn $90,000 a year, when his actual income during the months before trial was a much lower amount. He also argues that wife is healthy and capable of full-time work with an earning capacity of up to $60,000 a year.

■ Spousal support is to be awarded for "such amount of money and for such period of time as it may be just and equitable for the other party to contribute." ORS 107.105(1)(d). Relevant factors in setting the amount and duration of support include the relative earning capacities of the parties, their age and health, their employment skills and work experience, and the extent to which the earning capacity of a party is impaired because of an extended absence from the job market to attend to family needs. ORS 107.105(1)(d); *Crowley and Crowley,* 82 Or App 27, 29-30, 727 P2d 141 (1986).

■ In this case, the disparity in earning capacity is significant and we find husband's arguments to the contrary unpersuasive. That his business suffered a period of difficulty shortly before trial is no reason to conclude that he is capable of earning less than the $90,000 a year that the trial court found he could earn. As we said in *Christensen and Christensen*, 123 Or App 412, 415, 859 P2d 1192 (1993):

> "The trial court is not bound by the fortuity of what may be a temporary business downturn or a short-term reduction in pay. It may instead take into account the record of the parties' earnings, their work histories and other factors in determining earning capacities for the purpose of awarding spousal support and child support."

The trial court did exactly that. Moreover, husband's assertion that wife can earn up to $60,000 a year is based solely on his expert's answer to a hypothetical question that concerned someone with more experience than wife and who worked in the Los Angeles area.

The disparity in earning capacity also, in all likelihood, will be permanent. Wife has been absent from the job market for 15 years to attend to the raising of the parties' child. She testified that, with at least three years of education, she could find employment. However, her income will never approach the level of husband's.

Under the circumstances, we find that spousal support of indefinite duration is appropriate. Although a disparity in earnings potential, by itself, may not justify awarding support for an indefinite duration, such an award is appropriate where that disparity is occasioned by a substantial absence from the job market, taken in order to raise children and to enable husband to obtain an advantageous economic position. ORS 107.105(1)(d)(F); *Hearn and Hearn*, 128 Or App 259, 875 P2d 508 (1994); *Goff and Goff*, 109 Or App 447, 449, 820 P2d 33 (1991). That is so in this case.

■ We also conclude, however, that the circumstances warrant an adjustment to the amount of the spousal support award. Wife is healthy and, by her own testimony, has the ability to contribute to her own self-sufficiency. She has a year of college completed, plus two years of trade school. She testified that she needs at least three years to complete her

education and to find a suitable job in the area. On *de novo* review, we conclude that wife should receive $1,750 a month for five years from November 1, 1992, followed by $1,000 a month thereafter. *See Madden and Madden*, 114 Or App 319, 325-26, 836 P2d 1349 (1992).

Remanded for entry of modified judgment decreasing wife's monetary judgment against husband to $49, awarding wife spousal support of $1,750 a month for five years commencing November 1, 1992, and $1,000 a month thereafter; otherwise affirmed. Costs, not including attorney fees, to husband.